IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CRAIG W. EISERT,** | ) | |
|    Petitioner, | ) | Civil Action No. 7:21cv00068 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| **HAROLD W. CLARKE,**[1] | ) | Chief United States District Judge |
|    Respondent. | ) | |

| | | |
|---|---|---|
| **CRAIG WILLIAM EISERT,** | ) | |
|    Petitioner, | ) | Civil Action No. 7:21cv00210 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| **HAROLD W. CLARKE,** | ) | Chief United States District Judge |
|    Respondent. | ) | |

## MEMORANDUM OPINION

Craig William Eisert, a Virginia inmate proceeding pro se, has filed these two petitions for a writ of habeas corpus, pursuant to 28 U. S. C. § 2254. As discussed in more detail herein, because these petitions raise the same grounds for relief, the court will consolidate them and direct that the later-filed case be closed.

Additionally, the court will grant Eisert's motion to proceed in forma pauperis, and he will not be required to pay the $5 filing fee for either petition. Because his petitions do not provide sufficient information to determine whether he has exhausted his administrative remedies or whether they are timely, however, the court will require Eisert to provide additional information not later than twenty-one days after entry of this order.

---

[1] Eisert named "Va. Department of Corrections" as the respondent in both of these habeas petitions, but the proper respondent to a § 2254 petition is the petitioner's custodian. In this case, because Eisert is in the custody of the Virginia Department of Corrections, the proper respondent is its director, Harold W. Clarke. The Clerk is directed to update both dockets accordingly.

I. BACKGROUND

In the first case listed, No. 7:21-cv-00068, Eisert states that he is challenging his May 9, 2019 conviction and sentence in Washington County Circuit Court, in which he was sentenced to 30 months after his probation was revoked. Although he does not list a case number for his state court cases, records from Washington County Circuit Court reflect that he was sentenced to 30 months upon revocation of his probation, in Case Nos. 1800521-01 and 1800522-01. In his grounds for relief, Eisert makes plain that he is not actually challenging his conviction or the sentence imposed. Instead, he is challenging the execution of that 30-month sentence. He argues that his earned good time credits and credit for time spent in county jail prior to his transfer to Virginia Department of Corrections ("VDOC") custody have not been properly credited and thus, his release date is not correct.

In the second case, No. 7:21-cv-00210, Eisert alleges that he is challenging his June 7, 2018 convictions for unlawful wounding and threats over the telephone in Washington County Circuit Court, Case Nos. 18000521 and 18000522. Again, though, the grounds he raises are not actually challenges to that conviction or sentence. Instead, he lists two grounds for relief, and they appear to be duplicative of the grounds in his first petition. The first ground is that VDOC has "refused to give [him his] county jail credit of 128 days." He again argues that, had he been given credit for that time, his release date would be earlier. In his second ground for relief, he states that he earned 60 days of good time credit, but that time is listed as "not taken" on his legal update sheet from VDOC. He insists that he has "overserved" his sentence.

## II. DISCUSSION

A federal court may not grant a § 2254 habeas petition unless the petitioner first exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); Preiser v. Rodriguez, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, to properly exhaust, a petitioner must present all of his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254. Slayton v. Smith, 404 U.S. 53, 54 (1971). Where a petitioner files in federal court while he still has available state court proceedings in which to litigate his habeas claims, the federal court should dismiss the petition without prejudice to allow him to finish exhausting those state court remedies.[2] See id.

Eisert's claims that he is not receiving the proper credit to his sentence for county jail time and being given full credit for his earned good time credits, are habeas claims that could be raised in Virginia's courts. Carroll v. Johnson, 685 S.E.2d 647, 652 (Va. 2009) (explaining that if the duration of the petitioner's confinement would be directly affected by the entry of an order granting relief, then the claim sounds in habeas and may be brought in a habeas petition in Virginia courts). Eisert notes that he has raised these issues within the VDOC, but neither of his petitions indicate that he has raised his claims for sentence credit with the Supreme Court of Virginia, as he must in order for this court to be able to grant relief on

---

[2] When such a dismissal is made, a petitioner generally may refile his federal habeas petition after he has exhausted his state court remedies. The petitioner's time to file state and federal habeas petitions is limited. See 28 U.S.C. § 2244(d); Va. Code Ann. § 8.01-654(A)(2); Va. Sup. Ct. R. 5:9(a).

3

those claims. Moreover, records from the Supreme Court of Virginia confirm that it has not addressed any cases filed by Eisert.

The question before the court is whether that avenue of relief—filing a state habeas petition—is still available to Eisert, such that this court should dismiss and allow him to pursue his claims in state court, see Slayton, 404 U.S. at 54, or whether the time for filing a Virginia habeas petition has expired.[3] At this point, his petitions simply do not provide enough information to make this determination.

It appears that his time limit for filing a state court habeas action may not have expired, although it is not clear from his petition. Pursuant to Virginia Code Ann. § 8.01-654(A)(2), Eisert has one year to file a state habeas claiming that he has been denied earned good time credits or that his sentence has been improperly calculated. The one-year period begins at the time his "cause of action accrues." Va. Code Ann. § 8.01-654(A)(2). This court and others have held that the cause of action for this type of habeas claim accrues at the time that the petitioner discovers the improper denial of credit or discovers the error in his sentence calculation. E.g., Wallace v. Jarvis, 726 F. Supp. 2d 642, 645–46 (W.D. Va. 2010); Speller v. Johnson, Civil Action No. 3:09CV463, 2012 WL 1038624, at *7 (E.D. Va. Mar. 27, 2012). Neither of Eisert's petitions states when he first discovered the alleged errors in the calculation of his sentence. There are some clues (such as the October 15, 2020

---

[3] By order entered December 17, 2020, in Eisert v. Clarke, No. 7:20-cv-00747 (W.D. Va. Dec. 17, 2020), the court notified Eisert that any habeas challenge to his June 21, 2019 revocation of probation was not yet exhausted because he had a pending habeas action raising at least some of the claims raised in his petition, Eisert v. Washington County Circuit Court, CL 20-001507-00. A review of the docket in his state habeas action reflects that a final order was issued in that case on January 21, 2021. Eisert did not appeal. That state habeas petition, however, did not raise any challenge to the calculation of his sentence or to the lack of any sentencing credit. See, e.g., Eisert, No. 7:20-cv-00747, ECF No. 1-1 at 3 (setting forth claims raised in state habeas court).

4

VDOC document entitled "Legal Update" that Eisert submitted showing what he alleges reflects the error, see No. 7:21-cv-210, ECF No. 1-1, at 2), but they are insufficient to state with certainty whether his petition here is timely and whether still has the opportunity to exhaust in state court.

Accordingly, Eisert's petition will be conditionally filed at this time. The court advises Eisert that his petition may be untimely and he may not have properly exhausted his claims. To remedy these deficiencies, not later than twenty-one days after entry of this order, Eisert shall file a supplemental petition. His supplemental petition shall be signed by him under penalty of perjury and must include detailed information about when and how he learned about the alleged errors in his sentence calculation. If he fails to timely file the supplemental petition as directed, his case may be dismissed for failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, the court will consolidate these two cases and require Eisert to provide a supplemental notice and affidavit to the court explaining when and how he learned that his sentence allegedly was not being properly credited with his county jail time and his earned good credit time.

An appropriate order setting forth this and other pertinent rulings will be entered.

Entered: April 30, 2021

*Michael F. Urbanski*
Chief U.S. District Judge
2021.04.30 14:02:16 -04'00'

Michael F. Urbanski
Chief United States District Judge